68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Alexander ISAACS, a/k/a Ricardo Watson, a/k/a Dave,
Defendant-Appellant.
 No. 95-5265.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 12, 1995.
 
 Urs Roland Gsteiger, Wilson & Iseman, L.L.P., Winston-Salem, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Alexander Isaacs was convicted by a jury of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1995), and was sentenced to serve 174 months imprisonment. He appeals his sentence on the ground that the district court clearly erred in determining that 50-150 grams of crack were attributable to him, USSG Sec. 2D1.1,* and that he had more than a minor role. USSG Sec. 3B1.2. Finding no error, we affirm.
 
 
 2
 At Isaacs's trial and at his sentencing, Denzil Powell testified that in 1991 he invited Isaacs to travel with him from New York to Winston-Salem, North Carolina, to sell crack. Isaacs did so, and between 1991 and 1993 he both assisted Powell in selling crack and gradually developed his own circle of customers. Powell testified that on the first trip Isaacs made with him, he fronted one ounce (28.35 grams) of crack to Isaacs. Later, during intervals when Powell was in New York, Isaacs collected money owed to Powell by his customers and wired the drug proceeds to Powell.
 
 
 3
 The government produced three witnesses at trial who were customers of Powell's (Timothy Lampkins, Eric Peques, and Hattie Aaron). Without providing specific amounts, they testified that Isaacs at times distributed crack to them for Powell and collected money which they owed to Powell. At sentencing, the district court considered their evidence and estimated that at least two ounces of crack was reasonably foreseeable to Isaacs and within the scope of his agreement with Powell. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994).
 
 
 4
 Isaacs contends that no reliable evidence supported the court's estimate. We disagree. Powell testified at trial that he distributed crack in packages containing 30 rocks each. The presentence report contained information, undisputed by Isaacs, that a package of 30 rocks weighed between 11 and 12 grams. In addition to the ounce fronted to Isaacs by Powell at the beginning of their relationship, the government had only to show that another 22 grams was attributable to Isaacs. Because at least three witnesses testified that Isaacs supplied crack to them for Powell, the necessary 22 grams was amply demonstrated, and the district court's determination was not clearly erroneous.
 
 
 5
 Given the length of Isaacs's association with Powell and the degree of trust Powell reposed in him, we have no difficulty in finding that the district court correctly determined that Isaacs was more than a minor participant in the offense.
 
 
 6
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)